Collins, Judge,
concurring:
I concur in both the reasoning and the result of Judge Davis’ opinion. However, I feel that the court should go one step further and direct itself to the question of whether a *789 contract actually came into existence. The bolding of the majority is premised on the assumption that,even if a contract was formed 'between the parties, plaintiff still would not be allowed to recover any damages because the defendant could have immediately terminated and canceled for its convenience. I feel that the court should also direct itself to the essential issue in this case of whether a contract was actually formed between Casebolt and the Government.
Without going into great detail, I would simply hold that no contract — either oral or written — ever came into existence in the present case. The fact that the written contract award notice was retrieved from the mails by defendant before receipt by plaintiff is enough to prevent the formation of a valid written contract. This court has consistently held that where a bid offer is accepted by the transmittal of an acceptance through the mail, a valid contract is not formed until the acceptance is received by the offeror. Pacific Alaska Contractors, Inc. v. United States, 141 Ct. Cl. 303, 157 F. Supp. 844 (1958); Rhode Island Tool Co. v. United States, 130 Ct. Cl. 698, 128 F. Supp. 417 (1955); Dick v. United States, 113 Ct. Cl. 94, 82 F. Supp. 326 (1949).
The question of whether an oral contract was formed should likewise be answered in the negative. Both the provisions of the contract[1] and the general statutory law[2] governing the *790 invitation for bids require tbat a contract award be given by written notice.
For tbe reasons just stated, I feel tbat tbe petition should also bave been dismissed on tbe grounds tbat no contract was ever formed, and not just on tbe assumption tbat, bad a contract been in existence, it would have been terminated by tbe Government under tbe convenience-termination provision.
Skelton, Judge, joins in tbe foregoing concurring opinion.
Nichols, Judge, concurs in both of tbe foregoing opinions.

 Standard Form 21, which was the bid form used in this case, provides as follows:
“The undersigned agrees that, upon written aeeeptcmee of this hid, mailed or otherwise furnished within.calendar days * * * after the date of opening of bids, he will within 10 calendar days * * * execute Standard Form 23 * * (Emphasis added.)

 10 U.S.C. §2305(c) (1964), which deals with general military procurement, states:
“Bids shall be opened publicly at the time and place stated In the advertisement. Awards shall be made with reasonable promptness hy giving written notice to the responsible bidder »**.*«»” (Emphasis added.)
The exact same language is used in 41 U.S.C. § 253 (1964) which deals with procurement procedures for public contracts.
In addition, the Armed Services Procurement Regulations, 32 C.F.R. § 2.407-1 (1969), likewise require that any notice of award pursuant to an invitation for bids be in writing. The provision reads in part:
“* * * Awards shall he made hy mailing or otherwise furnishing to the bidder a properly executed awtvrd document * * * or notice of award on such form as may be prescribed by the procuring activity. When a notice of award is issued, it shall be followed as soon as possible by the formal award. * * * All provisions of the invitation for bids * * * shall be clearly and accurately set forth * * * in the award document, since the award is an acceptance of the hid, and the hid and the award constitute the contract." (Emphasis added.)